IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,

        Plaintiff,

    v.

JOSEPH OQUENDO SALADINO,
MARCEL ROY BENDSHADLER,
MICHAEL SEAN MUNGOVAN, and
RICHARD J. ORTT,

        Defendants.

07-CR-535-BR

ORDER

BROWN, Judge.

On December 20, 2007, a federal grand jury indicted Defendant Joseph Oquendo Saladino on one charge of Conspiracy to Defraud the United States in violation of 18 U.S.C. § 371.  That same date, the Honorable Dennis J. Hubel, Magistrate Judge, issued an Arrest Warrant as to Defendant Saladino.  On January 10, 2008, Defendant Saladino was arrested.

1 - ORDER -

On January 22, 2008, before his first appearance on the criminal charge, Defendant Saladino filed *pro se* documents entitled "Notice of Appeal" and "Statement of Intent," entered in the Court record at Docket Entry #13. On January 29, 2008, the Honorable Donald C. Ashmanskas, Magistrate Judge, conducted a first appearance, arraignment, and detention hearing for Defendant Saladino. At the hearing, Defendant Saladino entered a not guilty plea and Judge Ashmanskas appointed CJA panel attorney Ronald H. Hoevet to represent Defendant Saladino.

Also on January 29, 2008, at Docket Entry #22, Defendant Saladino filed a *pro se* document entitled "Motion for Leave to File," in which he sought enforcement of a judgment from the "Common Law Court of the United States of America." The Judgment, while largely incomprehensible, purported to enjoin the Secretary of the Treasury of the United States and agents thereof from prosecuting collection actions in United States Court proceedings. In an attached "Statement of Directly Related Proceedings," Defendant Saladino appeared to challenge the legality of the prosecution against him on several bases.

On February 25, 2008, this Court issued an Order determining that Defendant Saladino's January 22, 2008, filings did not have any legal effect in these proceedings and required no action by this Court. The Order also directed the Clerk of the Court to photocopy Defendant Saladino's January 29, 2008, filings and use

the photocopy to open a separate, civil mandamus action.[1]  Finally the Order advised Defendant Saladino and his co-defendants, who were all represented by counsel, that no further *pro se* filings would be accepted in this criminal action.

On November 23, 2009, a jury in this Court found Defendant Joseph Oquendo Saladino guilty of Conspiracy.  The case proceeded toward sentencing without incident, with a sentencing hearing scheduled for July 28, 2010.

On June 21, 2010, however, and notwithstanding the Court's prior Order prohibiting additional *pro se* filings, Defendant Saladino submitted a packet of some 450 pages of *pro se* documents for filing in this action.[2]  A list of the documents as entitled by Defendant Saladino and a description of their contents is attached hereto and incorporated herein by reference.  Although the Court directs the Clerk of the Court to enter the documents themselves in the Court record, they will be conventionally filed as the Court's "Exhibit 1" and placed in the official Court file,

---

[1]The original documents submitted by Defendant Saladino on January 29, 2008, remain in this criminal action at Docket Entry #22.  The separate, civil mandamus action was subsequently dismissed, without prejudice, when Defendant Saladino failed to either pay the civil filing fee or submit an application to proceed *in forma pauperis* as ordered by the Court.

[2]On June 28, 2010, this Court received an additional document from Defendant Saladino entitled "Second Notice of Termination – Judge Anna J. Brown."  That document related to a then-pending Motion to Withdraw filed by Defendant Saladino's court-appointed counsel.

because the task of separately identifying and electronically filing the numerous documents would be unnecessarily onerous in light of the frivolous arguments expressed in the filings.

Having reviewed the documents submitted by Defendant Saladino, the Court concludes they are largely incomprehensible and contain nonsensical, frivolous material inappropriate for legal memoranda. Given the volume of material submitted and the nature thereof, it would serve no useful purpose for this Court to attempt to parse every argument contained in the materials filed by Defendant Saladino. Indeed, this Court need not specifically address Defendant Saladino's frivolous arguments. *See U.S. v. Marks*, 530 F.3d 799, 813 (9th Cir. 2008) (district court did not abuse discretion by not holding hearing on *pro se* defendant's clearly frivolous jurisdictional challenges).

Nonetheless, it is apparent that throughout the documents Defendant Saladino is again attempting to challenge this Court's authority to adjudicate the criminal charge against Defendant Saladino. At various places, Defendant Saladino refers to, *inter alia*, the alleged inadequacy of the indictment and the arrest warrant, the alleged lack of authority of the United States Attorney to prosecute crimes in this Court, the alleged lack of authority of the Secretary of the Treasury to enforce tax laws outside the District of Columbia, the alleged lack of jurisdiction

of this Court over such criminal prosecutions, and the fact that Defendant Saladino is not a "person" subject to federal tax laws.

Defendant Saladino's arguments pertaining to procedural defects in the indictment and arrest warrant, including the contention that the lack of an individual oath attached to the indictment deprived the Court of jurisdiction, are wholly frivolous.

To the extent Defendant Saladino argues the United States Attorney lacks authority to prosecute criminal actions on behalf of the United States, he is wrong. *See U.S. v. Singleton*, 165 F.3d 1297, 1299-1300 (10th Cir. 1999) ("[o]nly officers of the Department of Justice or the United States Attorney can represent the United States in the prosecution of a criminal case").

Defendant Saladino's argument that the Secretary of the Treasury lacks authority to enforce tax law outside the District of Columbia is equally without merit. *See Loughborough v. Blake*, 18 U.S. (Wheat.) 317, 318-19 (1820) (U.S. Constitution grants Congress general power, "without limitation as to place," to "lay and collect taxes, duties, imposts, and excises"); *see also Lovitt v. Gillen*, 39 F.3d 1187 (9th Cir. 1995) (rejecting as frivolous claim that person was not a taxpayer subject to the authority of the IRS).

Defendant Saladino's assertion that this Court lacks jurisdiction over this criminal trial is also frivolous. Federal

District Courts have exclusive, original jurisdiction over "all offenses against the laws of the United States." 18 U.S.C. § 3231. These offenses include crimes defined in the Internal Revenue Code. *U.S. v. Przybyla*, 737 F.2d 828, 829 (9th Cir. 1984). To the extent Defendant Saladino argues tax laws cannot be enforced against citizens in federal district courts because these courts are merely "admiralty" courts, he is incorrect. *See United States v. Saunders*, 951 F.2d 1065 (9th Cir. 1991) (dismissing admiralty argument).

Defendant Saladino argues he is not subject to the federal tax laws because is not a "U.S. Person," a "U.S. Citizen," a "Taxpayer," a "Person," or a "Resident of the United States." Instead, he asserts he is a "living man" immune to federal laws. Such arguments have been routinely rejected as patently frivolous. *See United States v. Studley*, 783 F.2d 934, 937 & n.3 (9th Cir. 1986) and the numerous cases citing it.

Accordingly, to the extent Defendant Saladino submits these documents in an attempt to challenge the Court's authority to proceed with the case or otherwise to end the case, the attempt is without any legal foundation.

Finally, the Court notes the documents submitted by Defendant Saladino, particularly his "Notice of Termination" and "Second Notice of Termination," relate directly to the Motion to Withdraw filed by his attorneys. The basis for Defendant Saladino's

direction to his attorneys to file the Motion to Withdraw was intertwined with the jurisdictional arguments the Court rejected at the hearing on Wednesday, June 30, 2010, and by this Order. Consequently, upon Defendant Saladino and counsels' consensus that they could and would work together on the separate, non-jurisdictional, sentencing issues, the Court previously denied the Motion to Withdraw.

## CONCLUSION

For these reasons, Defendant Joseph Oquendo Saladino's challenges to the legality of this prosecution are DISMISSED as frivolous.[3]  The Clerk of the Court is DIRECTED to conventionally docket the *pro se* documents submitted by Defendant Saladino in the Court record as the Court's "Exhibit 1" and to retain all of the documents in the original case file for this matter.

IT IS FURTHER ORDERED that, so long as Defendant Saladino remains represented by counsel in this action, no further *pro se* documents shall be accepted by the Clerk of the Court for filing in this criminal action.

IT IS SO ORDERED.

DATED this ____ day of July, 2010.

ANNA J. BROWN
United States District Judge

---

[3]Defendant may appeal this Order after his sentencing and the entry of a Judgment of conviction.

7 - ORDER -

## EXHIBIT TO ORDER - LIST OF *PRO SE* DOCUMENTS

### I.   VERIFIED COUNTERCLAIM IN ADMIRALTY

This 41-page document purports to establish Defendant Saladino's status as a "Third-Party Plaintiff." He names several "Third-Party Defendants," and purports to state a claim for money damages against them. Although largely incomprehensible, the document also appears to challenge the jurisdiction of this Court over the criminal prosecution.

### II.   NOTICE OF TERMINATION & CONSTRUCTIVE NOTICE and VERIFIED AFFIDAVIT OF SPECIFIC NEGATIVE AVERMENT Re: THE ORIGINAL ACTION 3:07-cr-00535-BR with VERIFIED COUNTERCLAIM IN ADMIRALTY incorporated herein

This 28-page document appears to be an attempt to fire his court-appointed attorneys and challenge the Court's authority to prosecute the criminal action against Defendant Saladino.

### III.   SUMMONS TO RESPOND TO NOTICE OF TERMINATION & CONSTRUCTIVE NOTICE and VERIFIED COUNTERCLAIM IN ADMIRALTY

Defendant Saladino lists the names and addresses of the Third Party Defendants. He then states that all are summoned and "required to serve an answer to the Verified Counterclaim in Admiralty and the answers to the Interrogatories therein, pursuant to FRCP Rule C(6)(c)," within 30 days, mailed to: Joseph Oquendo: Saladino, c/o Karren Coppes, Notary Receptor for Joseph Oquendo: Saladino, 2122 NE 77th Ave., Vancouver, Washington [98664]. Failure to do so, the document states, will result in judgment by default.

### IV.   EXHIBIT A

Exhibit A consists of copies of various federal laws, including sections of Title 12 on Banks and Banking, Title 44 on Public Printing and Documents, the International Claims , Settlement Act of 1949, the Uniform Value of Coins and Currencies Act, Title 50 on War and National Defense, and Executive Order 11281 pertaining to the transfer of jurisdiction over certain blocked assets from the Attorney General to the Secretary of the Treasury.

1 - EXHIBIT TO ORDER - LIST OF *PRO SE* DOCUMENTS

## V.    EXHIBIT B

Exhibit B commences with a 4-page document entitled "Verified Memorandum Regarding My Status in Law," in which Defendant Saladino states he is not, *inter alia*, a "U.S. Person," a "U.S. Citizen," a "Taxpayer," a "Person," a "Resident of the United States," or a "Resident of 'this State.'"  In support, he cites a September 18, 2000, UCC-1 filing in the State of Washington, the *pro se* pleadings he previously filed in this criminal action, and several references to the Bible.  Attached are copies of the *pro se* pleadings and court orders, and the UCC-1 filing.

## VI.   EXHIBIT C

Exhibit C begins with a 9-page document entitled "Memorandum of Law in Support of Government Sanctioned Cash Incentive Awards to Judges and U.S. Attorneys."  In it, Defendant Saladino sets forth the provisions of Title 5 authorizing payment of incentive case awards by federal agencies and argues that U.S. Attorneys and federal judges are entitled to secret cash awards of up to $25,000.  As such, they cannot be impartial or fair.  Attached are copies of federal statutes and rules pertaining to cash incentive awards.

## VII. EXHIBIT D

Exhibit D begins with a 30-page document entitled "Verified Memorandum Regarding the Lawful Authority of the Secretary Within the Several States."  In it, Defendant Saladino argues he did not "impede the *lawful* functions of the Internal Revenue Service ('IRS') by deceitful and dishonest means" as alleged in the indictment.  This is so, he contends, because the Secretary of the IRS was not acting lawfully, because the Secretary lacked authority to assess and collect internal revenue and enforce internal revenue laws outside the District of Columbia.  Attached are copies of Title 31 on Money and Finance, Title 26 on the Internal Revenue Code, Title 4 on the Flag and Seal, Seat of Government, and the States, IRS rules, a 1991 Ninth Circuit case rejecting taxpayers action to enjoin the collection of taxes, an Executive Order providing for the performance of certain functions of the President by the Secretary of the Treasury, a 2000 Treasury Order pertaining to regional and district offices of the IRS, and a government response to a Motion to Dismiss filed by defendants in a criminal action in the Northern District of Oklahoma.

## VIII.    EXHIBIT E

Exhibit E consists of a two-page document entitled "Notice of Surety Act and Bond."  The notice states Defendant Saladino is not the "DEFENDANT in Case No. 3:07-cr-00535-BR."  The document also purports to be a bond in the sum of "twenty-one dollars in silver coin."  The document goes on to state that failure to respond within the 3-day grace period under the Truth in Lending Act, Regulation Z, will result in default and that an undefined "you" are "collaterally stopped from any further adversarial actions against peculiar private part listed above."

## IX.   EXHIBIT F

Exhibit F begins with a 7-page document entitled "Memorandum of Law in Support of No Warrant Issued in Original Action."  In it, Defendant Saladino argues the January 10, 2008, arrest warrant is fraudulent because it includes no statement of probable cause or complaint supported by oath or affirmation. The document concludes by demanding that the court strike from the record the sealed indictment, arrest warrant returned executed, and waiver of Rule 5(c)(3) hearing.  Attached is a copy of the Ninth Circuit decision in *United States v. Vargas-Amaya*, 389 F.3d 901 (2004).

## X.    EXHIBIT G

Exhibit G begins with a five-page document entitled "Memorandum of Law in Support of No Indictment Issued in Original Action."  In it, Defendant Saladino argues there is no Act of Congress authorizing the Department of Justice to issue indictments and bring suits against anyone in the name of the United States of America.  Further, he contends the indictment is faulty because it is not support by oath or affirmation as required by the Fourth Amendment.  Defendant Saladino argues discrepancies between the indictment and evidence adduced at trial as to the amount of loss suffered by the government also undermine the legality of the indictment.  Finally, he argues the grand jury never returned the indictment in open court or filed a letter of certificate of concurrence with the clerk of the court. Attached is a copy of an 1801 public law concerning the powers of the circuit courts for the District of Columbia.

## XI.   EXHIBIT H

Exhibit H begins with a 5-page document entitled "Memorandum of Law in Support of United States v. United States of America." In it, Defendant Saladino argues the "United States" and the

3 - EXHIBIT TO ORDER - LIST OF *PRO SE* DOCUMENTS

"United States of America" are two distinct entities.  He contends Congress has not conferred on the "United States of America" the authority to sue or be sued.  Because 28 U.S.C. Sec. 547 confers powers on the U.S. Attorneys to represent the "United States" and its agencies in federal courts and does not confer powers to represent the "United States of America," the U.S. Attorneys in this case have committed fraud on the court and against Defendant Saladino.  Attached are copies of selected provisions of Title 28 relating to the Judiciary and Judicial Procedure, a copies of a State of Delaware Division of Corporations records establishing "UNITED STATES OF AMERICA, INC." and "THE UNITED STATES OF AMERICA, INC." as corporations, and a copy of an Answer and Claim filed on behalf of the United States in a District of Idaho civil case.

4 – EXHIBIT TO ORDER – LIST OF *PRO SE* DOCUMENTS